| | | |
|---|---|---|
| CHRISTOPHER M. COWAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DENISE TROUBLEFIELD,[1] | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the application for a writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2254. For the reasons that follow, Petitioner's Petition will be dismissed as untimely.[2]

## I. BACKGROUND

On or about January 10, 2013, Petitioner mailed the present Section 2254 petition to the Clerk of Court and the same was filed on January 18, 2013. (Doc. No. 1). Petitioner was convicted in Iredell County Superior Court in May 2007. The North Carolina Court of Appeals summarized the facts of his case as follows:

On 25 September 2006, defendant was indicted on six counts of possession of

_____

[1] Denise Troublefield has been identified as Respondent, however, the Court notes that Petitioner is incarcerated in the Lumberton Correctional Institution where Brad Perritt is the Administrator. The Court will therefore order that Administrator Perritt be substituted as Respondent in this matter. See Rule 2(a) of the Rules Governing Section 2254 Proceedings; Rule 17(d) of the Federal Rules of Civil Procedure (providing that when a public officer is sued in his official capacity "the court may order that the officer's name be added.").

[2] The Court has examined Petitioner's motion to proceed *in forma pauperis* and finds that good cause exists to grant the motion. (Doc. No. 2).

controlled substance with intent to sell and deliver, six counts of sale of controlled substance, and attaining the status of being an habitual felon. At trial on 30 April 2007, the State presented evidence, which tended to show defendant had sold undercover Statesville Police Department Narcotics investigators crack cocaine on six different occasions between 11 June to 11 October 2005. Defendant presented no evidence at trial.

On 2 May 2007, the jury found defendant to be guilty on the possession with intent to sell or deliver cocaine and sale of cocaine charges. Defendant pleaded guilty to attaining habitual felon status. The trial court found defendant to have a prior record level of V, consolidated defendant's convictions, and sentenced him to a minimum term of 151 and a maximum term of 191 months incarceration. Defendant appeals . . . .

Defendant argues his constitutional rights were violated when he was: (1) not present during a stage of his trial and (2) forced to wear leg restraints throughout the trial. Defendant also argues he received ineffective assistance of counsel.

State v. Cowan, 661 S.E.2d 789 (N.C. Ct. App. 2008) (unpublished table decision).

On May 20, 2008, the North Carolina Court of Appeals filed an opinion rejecting each of Petitioner's contentions and affirmed his criminal judgment. On April 16, 2009, Petitioner filed a motion for appropriate relief ("MAR") in Iredell County Superior Court and raised one issue regarding the credibility of a former officer with the Statesville Police Department, A.C. Hinson, who testified at his trial. On May 4, 2009, the superior court denied his MAR and Petitioner filed a petition with the Supreme Court of North Carolina. This petition was denied on August 27, 2009. State v. Cowan, 682 S.E.2d 705 (N.C. 2009). See (Doc. No. 1 at 3-4).[3]

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, provides in relevant part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas

---

[3] While his petition was pending before the Supreme Court of North Carolina, Petitioner filed a Section 2254 petition in this district. The petition was dismissed without prejudice after the Court noted that Petitioner clearly had not exhausted his State remedies. See (5:09-cv-58-GCM, Doc. No. 2).

corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A)-(D) and (d)(2).

According to the record before this Court, Petitioner did not apply for further direct review of his State judgment following the denial of his petition for discretionary review of the superior court's denial of his MAR. Petitioner's judgment was therefore final 90-days after the Supreme Court of North Carolina denied his petition, or roughly November 27, 2009. See Sup. Ct. R. 13.1 (generally providing 90-days from entry of judgment to file a petition for a writ of certiorari); see also Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

Because Petitioner did not seek further review before the Supreme Court of the United States, and he had no properly filed State post-conviction procedure pending, Petitioner must have filed the present Section 2254 petition by November 27, 2010, or one-year after his

3

criminal judgment became final. Petitioner's Section 2254 petition, filed at the earliest on

January 10, 2013, is therefore over two (2) years out of time and is due to be dismissed unless

Petitioner can establish a credible case to equitably toll the statute of limitations. After reviewing

the petition, the Court finds that Petitioner cannot. See Holland v. Florida, 130 S. Ct. 2549

(2010). In order to benefit from equitable tolling, a petitioner must "show '(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

prevented timely filing." Id. at 2565 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner asserts five claims for relief, all of which attempt to attack the credibility of Officer

Hinson's testimony at trial. Petitioner acknowledges that his application for habeas relief is not

timely and he seeks to rely on equitable tolling to excuse his late application. In support of this

argument, Petitioner contends that he was unable to assert the present claims "because of the

wrongful conduct of the prosecutor withholding exculpatory evidence." (Doc. No. 1 at 21).

Specifically, Petitioner contends that the district attorney who prosecuted his case withheld

information about the reason for Officer Hinson's resignation from the Statesville Police

Department. Petitioner's argument fails for several reasons. First, Petitioner offers no

explanation regarding what information was allegedly withheld, other than to imply that there

must have been a questionable cause for Hinson's departure. Second, Petitioner in no way alerts

the Court as to when he presumably discovered that the prosecutor had withheld this

information. Finally, Petitioner avers that he knew that Hinson had left the police force, at the

very latest, in May 2009 when he filed his MAR in Iredell County Superior Court. In sum,

Petitioner has failed to demonstrate that he should be entitled to equitable tolling and his Section

2254 application will therefore be dismissed.

### III.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.    Petitioner's Motion to Proceed *in forma paureris*, (Doc. No. 2), is **GRANTED**;

2.    Petitioner's Application filed under 28 U.S.C. § 2254, (Doc. No. 1), is

   **DISMISSED** as untimely;

3.    The Clerk of Court is respectfully directed to close this case; and

4.    Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court

   declines to issue a certificate of appealability as Petitioner has not made a

   substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2);

   Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c),

   a petitioner must demonstrate that reasonable jurists would find the district court's

   assessment of the constitutional claims debatable or wrong); Slack v. McDaniel,

   529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural

   grounds, a petitioner must establish both that the correctness of the dispositive

   procedural ruling is debatable, and that the petition states a debatably valid claim

   of the denial of a constitutional right).

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge